FILED
2020 Apr-23  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY P. FARRANTO,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:20-CV-00342-RDP** |
| | } | |
| **KAY IVEY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). (Doc. # 2). After careful review, and for the reasons stated below, Plaintiff's Motion is due to be denied, and her Complaint is due to be dismissed without prejudice.

### I.    Background

This action stems from the removal of Plaintiff Kimberly Farranto's children from her home on January 3, 2019.  They were removed following her arrest. (Doc. # 7 at 39).[1] On January 4, 2019, the Shelby County Juvenile Court held a Shelter Hearing (Case Nos.: JU-2019-008.01; JU 2019-009.01). (Doc. # 7 at 19). The Shelby County Judge determined that releasing the children from the custody of the Shelby County Department of Human Resources ("SCDHR") would be "contrary to the welfare of said children;" therefore, the Judge issued a Shelter-Care Order placing the children into foster care. (*Id.* at 22). The Order adopted SCDHR's proposed Permanency Plan, which sought to reunify the children with Plaintiff (or their father) "concurrent with placement with an approved relative with custody being transferred to the approved relative." (*Id.* at 23).

---

[1] When the court cites to a specific page number in a document, the citation is to the court-filed page number, as opposed to the page number on the document itself.

Plaintiff was not made aware of the Shelter Hearing until January 20, 2019—the day she was released from jail. (*Id.* at 39). On January 22, 2019, Plaintiff went to SCDHR to try to regain custody of her children. (*Id.*). However, it is not clear from the record before the court whether Plaintiff was successful.

On March 13, 2020, Plaintiff Kimberly Farranto filed this suit, naming as Defendants Governor Kay Ivey, the State of Alabama, President Donald J. Trump, and the United States of America.[2] (Doc. # 1). Relying upon 42 U.S.C. § 1983,[3] 28 U.S.C. § 1343(a)(3),[4] and 28 U.S.C. § 2201(a),[5] Plaintiff alleges that Alabama House Bill 157 is unconstitutional because it impermissibly utilizes the "best interests of the child" standard in connection with "a hearing on a petition for termination of parental rights." (*Id.* at 9, ¶ 2). Plaintiff mounts both facial (void-for-vagueness and overbreadth) and as-applied challenges against House Bill 157. (*Id.* at 9, ¶ 2). She also complains about "other Alabama state laws," "laws . . . [of] other states," and federal statutes that utilize the "best interests of the child" standard. (*Id.* at 9-11, ¶¶ 2-4). Plaintiff seeks declaratory

---

[2] Plaintiff references 28 U.S.C. § 1346(a)(2) as the basis for a suit against the United States. The statute states, in relevant part: "The district courts shall have original jurisdiction . . . of:  Any civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." 28 U.S.C. § 1346(a)(2).

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

[4] "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (3) [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege[,] or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3).

[5] "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

and injunctive relief.[6] On April 1, 2020, the court issued a Show Cause Order directing Plaintiff to show why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. # 6).

Based on Plaintiff's Complaint (Doc. # 1) and her Response to the court's Show Cause Order (Doc. # 7), the court concludes it lacks subject-matter jurisdiction because Plaintiff does not have standing to assert these claims. The court also concludes that Plaintiff's Complaint fails to state a claim for relief against the named Defendants. Therefore, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) is due to be denied and her Complaint (Doc. # 1) dismissed without prejudice.

## II.    Standard of Review

Where a plaintiff files a motion for leave to proceed in forma pauperis, the court has an obligation to examine the merits of the complaint and determine whether it has subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A complaint fails to state a claim if it does not include sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Mask v. Dewey*, 2019 WL 1368631, *1 (M.D. Ga. Mar. 26, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). If preliminary screening reveals that a plaintiff's claims fail to state a claim on which relief may be granted, the complaint must be dismissed before service of the complaint on the defendants.

---

[6] Plaintiff also has stated her intent to pursue this case as a class action. Specifically, she asks the court to: "Enter judgment certifying this action as a class action to open up the position of Plaintiff to other natural mothers and fathers with previous or current terminations of parental rights [in] Alabama (and in all other 49 states) child welfare cases who were fit at the time of the seizure of their children, supported by evidence, and had evidence of substantial relationships at the time of the seizure of their children." (Doc. # 1 at 10, ¶¶ 8-9).

A complaint may fail to state a claim upon which relief may be granted if the court lacks subject-matter jurisdiction. It is as tautological as it is true that "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)). Indeed, "a court must zealously insure that jurisdiction exists over a case." *Id.* "Without jurisdiction[,] the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## III.   Analysis

The crux of Plaintiff's Complaint is her challenge to the State's use of the "best interests of the child" standard. This standard was incorporated into state laws to assist in determining a child's "placement … in the light of [his or her] best interests," as "child custody decisions can[not] be made 'for whatever reason or for no reason at all.'" *Smith v. Org. of Foster Families for Equality and Reform*, 431 U.S. 816, 860 (1977) (Stewart. J., concurring) (quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)).

In particular, Plaintiff challenges Alabama House Bill 157 insofar as it utilizes the "best interests of the child" standard. Alabama House Bill 157 states, in relevant part:

> If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling discharge their responsibilities to and for the child, or that the conduct or condition of the parents renders them unable to properly care for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents. In a hearing on a petition for termination of parental rights, the court shall consider *the best interests of the child*.

4

Ala. H.B. 157 (2020) (to be codified at Ala. Code § 12-15-319) (emphasis added). The bill has passed both the Alabama House and the Senate and was delivered to the Governor. What is not clear is whether the Governor has signed the bill, although the court assumes as much because the changes to Section 12-15-319 are now reflected on Westlaw. (*See* 2020 Alabama Laws Act 2020-34 (H.B. 157)).

Plaintiff also challenges each state or federal law that utilizes the "best interests of the child" standard. Her various challenges fail as a matter of law.

### 1.      Plaintiff Does Not Have Standing to Challenge Alabama House Bill 157

"Standing to sue is a doctrine rooted in the traditional understanding of the case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The doctrine delimits the category of litigants "empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* (citing *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982); *Warth v. Sedlin*, 422 U.S. 490, 498-99 (1975)). To bring suit in federal court, a plaintiff must establish three elements *as to each defendant*: (1) an injury in fact—that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of—in other words, the injury must be fairly traceable to the challenged action of Defendants, and not the result of the independent action of some third party not before the court; and (3) a likelihood, as opposed to a merely speculative chance, that the injury will be redressed by a favorable decision of the court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-62 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* "Failure to establish any one [of the three standing elements] deprives the federal courts of jurisdiction to hear the suit." *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir.

2002); *see also Delta Commercial Fisheries Assoc. v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004).

After careful review, the court concludes that Plaintiff has failed to establish the last two standing elements as they relate to Alabama House Bill 157.

### a.       Injury-in-Fact

Injury-in-fact has been called the "'[f]irst and foremost' of standing's three elements." *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). In *Spokeo,* the Supreme Court discussed the dual requirements of "particularization" and "concreteness," which are necessary to establish the "injury-in-fact" prong of Article III standing. 136 S. Ct. at 1548. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* Concreteness, meanwhile, refers to the realness of the injury. *Id.*

Without question, Plaintiff has pointed to a concrete and particularized injury: Her children were removed from her custody. "Parents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury." *Doe v. Kearney*, 329 F.3d 1286, 1293 (11th Cir. 2003) (citing *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982)). But, as explained below, while Plaintiff's children were removed, that was not in any way connected to any operation or application of Alabama House Bill 157.

### b.       Causal Connection

"[F]or standing purposes [a plaintiff] is not required to prove causation beyond a reasonable doubt or by clear and convincing evidence." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (citation omitted). Rather, the standard is more lenient. "[E]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement." *Id.* (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012)).

Here, Plaintiff has failed to show (even indirectly) that Alabama House Bill 157 caused her injury. The record indicates that Plaintiff's children were removed from her custody on January 3, 2019. (Doc. # 7 at 39). But, Alabama House Bill 157 was not presented to the Governor of Alabama for signature until March 10, 2020 at 2:11 p.m.—more than two years later.[7]

Therefore, it is simply not plausible that Plaintiff's injury is fairly traceable to Alabama House Bill 157.

### c.       Redressability

Here, the record (*i.e.*, her own allegations) makes it unclear as to whether Plaintiff has regained custody of her children. It appears she has not.[8] Nevertheless, Plaintiff has not plausibly alleged that Alabama House Bill 157 played any part in the removal of her children. House Bill 157, which was not in place in early 2019 (and thus had no operation in whatever events occurred a year ago), clearly did not have any application to the wrongs she complains about. Therefore, Plaintiff has failed to satisfy her burden as it relates to redressability.

For all these reasons, the court concludes that it lacks subject-matter jurisdiction, as Plaintiff has failed to establish that she has standing to pursue her claims.

### 2.       Plaintiff Filed Suit Against Improper Defendants

The court also notes that Plaintiff has filed suit against individuals and entities that are not in any way charged with enforcing Alabama House Bill 157 or, for that matter, applying the "best interests of the child" standard. Simply put, Plaintiff has sued the wrong parties.

---

[7] *See Bill Status for HB157 (Regular Session 2020)*, ALA. LEGISLATURE (n.d.), http://alisondb.legislature. state.al.us/Alison/SESSBillStatusResult.ASPX?BILL=HB157&WIN_TYPE=BillResult.

[8] Even if she has regained custody, in such an event, "the redressability requirement [can still] usually be satisfied where there is evidence that the plaintiff is likely to encounter the same injurious conduct in the future." *Kearney*, 329 F.3d at 1292; *see Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983) (holding that there can be no redressability in the absence of "a real and immediate threat" that challenged state action will re-occur).

Plaintiff filed suit against Governor of Alabama, Kay Ivey, the State of Alabama, President Donald J. Trump, and the United States of America. (Doc. # 1). Plaintiff has not pointed to, and the court is not aware of, any legal principle suggesting that these named Defendants are charged with enforcement of, or authorized to enforce or otherwise apply, the "best interests of the child" standard. *See Lewis v. Governor of Alabama*, 944 F.3d 1287, 1299-1300 (11th Cir. 2019) (citing *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc) (holding that *Lujan*'s traceability requirement is "entirely consistent with the long-standing rule that a plaintiff may not sue a state official who is without any power to enforce the complained-of statute"). Where a defendant occupies a position having no duty at all with regard to an Act, he cannot not appropriately be made a party to a claim challenging that Act. *Ex parte Young*, 209 U.S. 123, 158 (1908). Thus, the named Defendants are not proper parties. "Enforcement" of this standard lies in the hands of others who are not before the court.

## IV.    Conclusion

The court is convinced that Plaintiff cares deeply for her children and emphatically disagrees with both the state court's application of the "best interests of the child" standard and House Bill 157's reference to and adoption of that standard. But, for all the foregoing reasons, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) is due to be denied, and her Complaint (Doc. # 1) is due to be dismissed without prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 23, 2020.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

8